

_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
        COUNSEL/PARTIES OF RECORD

        AUG - 3 2010

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY:                          DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT JEFFREY FARMER, | ) | |
| Petitioner, | ) | 3:09-cv-00379-RCJ-RAM |
| vs. | ) | **ORDER** |
| E.K. McDANIEL, *et al.*, | ) | |
| Respondents, | ) | |

On July 14, 2009, Farmer filed a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241 asserting that, under the Double Jeopardy Clause, the State of Nevada is barred from seeking the death penalty against him based on aggravating circumstances that were alleged in his initial capital proceeding. Docket #3. This court entered judgment denying relief on April 20, 2010. Docket #29. On May 17, 2010, Farmer filed a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. Docket #30. For reasons that follow, the court shall deny the motion as to Farmer's request for habeas relief. It shall, however, grant Farmer a certificate of appealability as to the core issue presented by his section 2241 petition.

Under Rule 59(e), alteration or amendment of a judgment is called for if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Farmer makes no claim of newly

1    discovered evidence or an intervening change in the law.  As to the remaining ground, Farmer has raised

2    debatable legal points but has not shown that the judgment against him is the product clear error or a

3    manifestly unjust decision.  Simply put, Farmer has not convinced this court that he has been impliedly

4    acquitted of the death penalty, thereby triggering the protection of the Double Jeopardy Clause.  See

5    docket #28, p. 6-8.

6         Barring an amendment of the judgment in his favor, Farmer asks this court to issue him a

7    certificate of appealability.  A habeas petitioner seeking review of "the final order in a habeas corpus

8    proceeding in which the detention complained of arises out of process issued by a State court" must

9    obtain a certificate of appealability (COA).  28 U.S.C. § 2253(c)(1)(A).  Farmer cites to *Harrison v.*

10   *Gillespie*, 596 F.3d 551, 561 (9th Cir. 2010), as support for the proposition that the COA requirement

11   applies to a state detainee who files a habeas petition under section 2241.  While that case is no longer

12   valid precedent (*Harrison v. Gillespie*, ___ F.3d ___, 2010 WL 2521040, 1 (9th Cir. June 18, 2010)

13   (ordering rehearing en banc)), this court agrees that the COA provision applies here.  *See Wilson v.*

14   *Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) (holding that a state prisoner who is proceeding under § 2241

15   must obtain a COA under § 2253(c)(1)(A) in order to challenge process issued by a state court).

16       The standard for issuance of a certificate of appealability calls for a "substantial showing of the

17   denial of a constitutional right."  28 U.S.C. § 2253(c).  The Supreme Court has interpreted 28

18   U.S.C. § 2253(c) as follows:

19            Where a district court has rejected the constitutional claims on the merits, the
         showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate
20       that reasonable jurists would find the district court's assessment of the constitutional
         claims debatable or wrong.

21

22   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court further illuminated the standard for issuance

23   of a certificate of appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  In that case, the Court

24   stated:  We do not require petitioner to prove, before the issuance of a COA, that some jurists would

25   grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason

26

3

1    might agree, after the COA has been granted and the case has received full consideration, that petitioner

2    will not prevail. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484).

3         Applying these standards, the court concludes that petitioner's double-jeopardy claim satisfies

4    the standard for issuance of a COA.  Plausibly, a reasonable jurist could construe the initial sentencing

5    proceeding against Farmer as an implied acquittal of the death penalty and accordingly conclude that the

6    State's current pursuit of the death penalty is barred by the Double Jeopardy Clause under the doctrine

7    established in *Green v. United States*, 355 U.S. 184, 191 (1957).  As such, the court shall issue a COA

8    as to that issue.

9         **IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment (docket

10   #30) is DENIED.

11        **IT IS FURTHER ORDERED** that a COA is GRANTED as to the following issue:  whether the

12   State of Nevada is barred by the Double Jeopardy Clause from seeking the death penalty against the

13   petitioner based on the aggravating circumstances currently alleged.

14        DATED: This 3rd day of August, 2010.

15

16

17   UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

                                               4